UNITED STATES of America,
Plaintiff–Appellee,

v.

Anthony Jerome FACON, Defendant–
Appellant.

No. 14–10804
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Sept. 4, 2014.

Michelle Lee Schieber, Michael J. Moore, U.S. Attorney's Office, Macon, GA,

---

* Senior United States Circuit Judge Joel F. Dubina has elected not to participate in further proceedings in this matter pursuant to 28 U.S.C. § 46(c).

Leah E. McEwen, U.S. Attorney's Office, Albany, GA, for Plaintiff–Appellee.

Kermit S. Dorough, Jr., Kermit S. Dorough, Jr., LLC, Albany, GA, for Defendant–Appellant.

Before HULL, MARCUS, and MARTIN, Circuit Judges.

PER CURIAM:

Anthony Jerome Facon appeals his 444–month total sentence imposed after his convictions for one count of armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d), and § 2, and two counts of possessing a firearm during the commission of a violent felony, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Facon challenges the 300–month sentence he received for the second conviction under § 924(c). He complains that because the second § 924(c) conviction was charged in the same indictment, it does not constitute a "second or subsequent" conviction, triggering the 300–month sentence, for purposes of 18 U.S.C. § 924(c)(1)(C). Because Facon's position is foreclosed by binding Supreme Court precedent, we affirm.

Section 924(c) requires a district court, "[i]n the case of a second or subsequent conviction under this subsection," to impose a sentence of not less than 25–years imprisonment. 18 U.S.C. § 924(c)(1)(C). In *Deal v. United States*, 508 U.S. 129, 113 S.Ct. 1993, 124 L.Ed.2d 44 (1993), the Supreme Court considered whether multiple convictions under § 924(c) arising out of a single criminal proceeding constitute second or subsequent convictions. *Id.* at 131, 113 S.Ct. at 1996. Over a vocal dissent composed of three justices, the majority held that a "conviction" for purposes of the enhanced sentences set forth in § 924(c)(1)(C) refers to the finding of guilt preceding the entry of final judgment. *Id.* at 132, 113 S.Ct. at 1996. This interpretation of § 924(c)(1)(C), the Supreme Court held, allows and indeed requires the enhanced sentences to be imposed even where more than one § 924(c) conviction is obtained in a single criminal proceeding. Id. at 132, 137, 113 S.Ct. at 1996, 1999.

*Deal* thus bound the district court here to impose the enhanced sentence set forth in § 924(c)(1)(C). *Deal* also binds us to affirm sentences like these, "[u]nless and until the Supreme Court itself overrules that decision," or Congress revisits § 924(c)(1)(C). *See United States v. Thomas*, 242 F.3d 1028, 1035 (11th Cir. 2001).

**AFFIRMED.**